**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IMMIGRATION EQUALITY, *et al.*,<br>*Plaintiffs,*<br><br>*v.*<br><br>MARKWAYNE MULLIN, *et al.*,<br>*Defendants.* | Case No. 1:26-cv-02921-TSC<br><br>**PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO STAY EFFECTIVE DATE OF ADMINISTRATIVE ACTION** |

Pursuant to Local Civil Rule 7(m), on October 28, 2026, Plaintiffs' counsel conferred with Defendants' counsel regarding this Motion. Defendants oppose the relief sought in this Motion.

Plaintiffs respectfully move this Court to expedite consideration of their Motion to Stay Enforcement Date of Administrative Action ("Stay Motion"), filed on August 24, 2026. Dkt. 4. Plaintiffs and their asylum-applicant clients face irreparable harm from Defendants' implementation of an unlawful interim final rule, *Affirmative Asylum Referrals Without Interview*, 91 Fed. Reg. 47101 (July 28, 2026) ("IFR"), which eliminates the right to an asylum interview—an essential tool for developing evidence to support asylum applications—and allows U.S. Citizenship and Immigration Services ("USCIS") to refer applicants directly to immigration court. Plaintiffs seek this Court's prompt intervention to grant relief from this pernicious rule.

Although the IFR has been in effect since July 28, 2026, Plaintiffs expect the pace of referrals to immigration court without an interview to soon accelerate. A class settlement agreement that protects tens of thousands of asylum applicants from referral to immigration court without an interview is set to terminate on November 18, 2026. *See J.O.P. v. DHS*, 2026 WL 1469149, at *15 (D. Md. May 26, 2026). In particular, the settlement requires USCIS to

adjudicate in the first instance the asylum applications of individuals whom the federal government had previously deemed to be unaccompanied minors but who did not meet that statutory definition when they filed their asylum applications (because they either aged out or reunified with a parent or legal guardian). *Id.* at *2. Absent a stay from this Court, there will be no obstacle to USCIS referring the *J.O.P.* class members to immigration court without first conducting asylum interviews. In addition, USCIS has recently begun to refer asylum applicants represented by Plaintiffs (who are not *J.O.P.* class members) to immigration court without conducting an interview, confirming that UCSIS is, in fact, invoking the rule. Decl. of Rachel Kafele ¶ 5.

As set forth in Plaintiffs' Complaint and Stay Motion, eliminating the right to an asylum interview has profound consequences for both Plaintiffs and their clients. Eliminating these interviews undermines the efforts of Plaintiffs to provide meaningful representation to their asylum-seeking clients. Decl. of Roxana Avila-Cimpeanu in Support of Stay Mot. ¶¶ 25-29 ("Avila-Cimpeanu Decl."), Dkt. 4-5. It also removes the most effective forum for eliciting relevant testimony from asylum applicants, especially unaccompanied minors, because the interviews are non-adversarial and are conducted by officers trained in trauma-informed interviewing techniques. *See, e.g.*, USCIS, *Interviewing—Interviewing Survivors of Torture and Other Severe Trauma* (Dec. 13, 2024), https://tinyurl.com/2834x2xy; Decl. of Aaron Morris in Support of Stay Mot. ¶¶ 18, 45, Dkt. 4-1; Decl. of Rachel Kafele in Support of Stay Mot. ¶ 32, Dkt. 4-3; Decl. of Stephen Marvin Brown in Support of Stay Mot. ¶ 26, Dkt. 4-4; Avila-Cimpeanu Decl. ¶¶ 2, 26-28, 43. Immigration court, by contrast, is adversarial; the government is represented by counsel; and asylum applicants may be subject to cross-examination.

Moreover, recent procedural changes imposed by DHS in immigration court prevent some applicants from ever presenting their testimony. Compl. ¶¶ 77-79, Dkt. 1.

To preserve the critical right to an asylum interview, Plaintiffs respectfully request that the Court consider Plaintiffs' Stay Motion on an expedited basis.

DATE: October 29, 2026

Respectfully submitted,

*/s/ Jamie S. Gorelick*
Jamie S. Gorelick (D.C. Bar No. 913384)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6500
jamie.gorelick@wilmerhale.com

Peter A. Kurtz (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 295-6746
peter.kurtz@wilmerhale.com

Anwen Hughes*
HUMAN RIGHTS FIRST
121 W. 36th St., PMB 520
New York, NY 10018
(212) 845-5244
HughesA@humanrightsfirst.org

Peter Habib (*pro hac vice*)
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister Street
San Francisco, CA 94102
(415) 610-5729
habibpeter@uclawsf.edu

Keren Zwick (D.D.C. Bar No. IL0055)
Richard Caldarone (D.C. Bar No. 989575)
Mary Georgevich (*pro hac vice*)
Maria Dambriunas (D.C. Bar No. 1738154)
Gerardo Romo*
Mark Scaggs*
NATIONAL IMMIGRANT JUSTICE CENTER
111 W. Jackson Blvd., Suite 800
Chicago, IL 60604
(312) 660-1531
kzwick@immigrantjustice.org
rcaldarone@immigrantjustice.org
mgeorgevich@immigrantjustice.org
mdambriunas@immigrantjustice.org
gromo@immigrantjustice.org
mscaggs@immigrantjustice.org

Melissa Crow (D.C. Bar No. 453487)
CENTER FOR GENDER & REFUGEE STUDIES
1901 Pennsylvania Avenue, NW
Suite 900, PMB 228
Washington, DC 20006
(202) 355-4471
crowmelissa@uclawsf.edu

Robert Pauw*
CENTER FOR GENDER & REFUGEE STUDIES
c/o Gibbs Houston Pauw
1000 Second Avenue, Suite 1600
Seattle, WA 98104
(206) 682-1080

rpauw@ghp-law.net

**Application for admission or admission pro hac vice forthcoming*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system.

Dated: October 29, 2026

*/s/ Jamie S. Gorelick*
Jamie S. Gorelick