JONATHAN D. GUYNN
Acting Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
AUGUST FLENTJE
Deputy Director
CAROLINE MCGUIRE
Acting Assistant Director
SHELBY WADE
MIA S. BONADIES
ALINA N. SALGADO
Trial Attorneys
U.S. Department of Justice
Office of Immigration Litigation
General Appeals and Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IMMIGRATION EQUALITY, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,<br><br>*Defendants*. | Case No. 1:26-cv-02921<br><br>Hon. Tanya S. Chutkan |

**<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULE 4(M)</u>**

## BACKGROUND

On August 19, 2026, Plaintiffs—four nonprofit organizations—Immigration Equality, Oasis Legal Services ("Oasis"), HIAS, and the Florence Immigrant & Refugee Rights Project ("Florence Project")—filed this lawsuit challenging the United States Citizenship and Immigration Services' ("USCIS") interim final rule, *Affirmative Asylum Referrals Without Interview*, 91 Fed. Reg. 47101 (Jul. 28, 2027) ("the Referral IFR" or "the Rule"). Dkt. No. 1, Complaint ("Compl.") ¶¶ 116–32. They allege that the Referral IFR violates the Administrative Procedure Act ("APA") because it became effective before DHS provided public notice and the opportunity for comment, under 5 U.S.C. § 553, *id*. at ¶¶ 116–20 (Count I), and because they claim that the Rule is arbitrary and capricious. *Id*. at ¶¶ 130–32 (Count III). Plaintiffs further allege that the Referral IFR violates the Trafficking Victims Protection Reauthorization Act ("TVPRA") and the Immigration and Nationality Act ("INA"). *Id*. at ¶¶ 121–29 (Count II).

To date, Plaintiffs have not effectuated service of process to the Government. Without proper service, the 60-day period for Defendants to file a responsive pleading under Federal Rule of Civil Procedure 12(a)(2) has not commenced. When Plaintiffs filed their complaint on August 19, 2026, they attached five summonses, but to date, did not include any proof of service. *See* Dkt. Nos. 1-2, 1-3, 1-4, 1-5, 1-6.[1] On August 20, 2026, the Clerk issued a notice identifying deficiencies in Plaintiffs' initial filing, instructing Plaintiffs to submit a summons for each federal defendant, as well as additional summonses directed to the U.S. Attorney and the Attorney General. That same day, Plaintiffs requested issuance of a summons directed to the Attorney General. Dkt. No. 3. However, under Fed. R. Civ. P. 4(i), serving federal officers or agencies in their official

[1] The summonses were addressed to Department of Homeland Security ("DHS") Secretary, Markwayne Mullin, to DHS, to Director of USCIS Joseph Edlow, to USCIS, and to Jeanine Ferris Pirro at the U.S. Attorney's Office for the District of Columbia, respectively.

capacities requires serving the U.S. Attorney for the district where the action is brought and mailing a copy of both the summons and complaint to the Attorney General. The docket does not reflect Plaintiffs filed any returns of service or other documentation establishing proof of service, in accordance with these requirements. As of November 19, 2026, the U.S. Attorney's Office confirmed that they have not received service of this lawsuit. As of the date of this motion, Plaintiffs have filed no other proof of service.

## ARGUMENT

### I. Plaintiffs Failed to Timely Serve the Complaint on Defendants.

Plaintiffs have failed to timely serve Defendants under Fed. R. Civ. P. 4 and, thus, the Court should dismiss the Complaint. "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Before a federal court has personal jurisdiction over a defendant, a plaintiff must properly effectuate the service of summons. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Indeed, one becomes a proper party to a lawsuit only upon proper service of summons and the complaint. *Murphy Bros.*, 526 U.S. at 350.

Fed. R. Civ. P. 4 sets forth the only avenue in which service of a summons and the complaint can be effectuated on the United States. For Plaintiffs to serve a United States agency or officer in an official capacity, it is necessary to serve the United States by complying with Fed. R. Civ. P. 4(i)(1). FED. R. CIV. P. 4(i)(2)-(3). Federal Rule of Civil Procedure 4(i)(1) contains three requirements. First, the plaintiff must hand-deliver the summons and complaint to either the United States Attorney for the district where the action is brought or "an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk." FED. R. CIV. P. 4(i)(1)(A)(i). Alternatively, this requirement can be met by sending a copy

of the summons and complaint "by registered or certified mail to the civil-process clerk at the United States attorney's office." FED. R. CIV. P. 4(i)(1)(A)(ii). Second, the plaintiff must send the summons and complaint by registered or certified mail to the Attorney General of the United States. *See* FED. R. CIV. P. 4(i)(1)(B). Finally, "if the action challenges an order of a nonparty agency or officer of the United States," the party must send a copy of the summons and complaint "by registered or certified mail to the agency or officer." FED. R. CIV. P. 4(i)(1)(C).

Plaintiffs have the burden to prove that the service was proper. *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). If Plaintiffs fail to meet that burden, then the Court necessarily "lacks authority to exercise personal jurisdiction over the defendant." *Jouanny v. Embassy of France in the United States*, 220 F.Supp.3d 34, 38 (D.D.C. 2016) (citing *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007)). Here, Plaintiffs have not met their obligations under Federal Rule of Civil Procedure 4(i)(2). Pursuant to Fed. R. Civ. P. 4(i), to serve a "United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States *and also* send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." FED. R. CIV. P. 4(i)(2) (emphasis added). Plaintiffs name two United States agencies—USCIS and DHS—and two United States officers—Secretary Markwayne Mullin, and USCIS Director Joseph Edlow—as Defendants in this case. To date, Plaintiffs have failed to file any proof of service on the docket, demonstrating that any of these named Defendants has been served with a copy of the summons and Complaint.

Worse, the time to effectuate service has also elapsed. Per Federal Rule of Civil Procedure 4(i), plaintiff has the burden of effectuating service on a defendant "*within the time allowed by Rule 4(m)*[.]" FED. R. CIV. P. 4 (emphasis added). And pursuant to Fed. R. Civ. P. 4(m), a defendant must be served "within 90 days after the complaint is filed" or the Court "on motion or on its own

after notice to the plaintiff" must dismiss the action or order that service be made within a specified time. "While the purpose of service is to give a defendant notice of the claims against it, notice of the lawsuit alone 'cannot cure an otherwise defective service.'" *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. Feb. 11, 2004) (citation omitted).

Here, Plaintiffs filed the Complaint on August 19, 2026. Dkt. No. 1. Under Federal Rule of Civil Procedure 4(m), Plaintiffs were required to properly serve Defendants within 90 days, or by November 17, 2026. Plaintiffs have failed to do so. Thus, the Court should dismiss this case because this Court does not have personal jurisdiction over the Defendants. *Moskovits v. Drug Enf't Admin.*, 774 F. Supp. 649, 652 (D.D.C. 1991) ("If service is not properly made, the court has no jurisdiction to render a personal judgment against a defendant.").

There is no reason for the Court to allow for an extension of the service period. Federal Rule of Civil Procedure 4(m) provides courts with the discretion to extend the service period if the plaintiff shows good cause for failure to serve within 90 days. FED. R. CIV. P. 4(m). Plaintiffs' failure to effectuate service is difficult to justify given that they are four established advocacy organizations, represented by counsel, with experience litigating federal immigration issues. Notwithstanding, Plaintiffs have offered no explanation for their failure to properly serve the United States and the named Defendants. Nor does the docket reflect any effort to cure these deficiencies. The absence of any articulable reason for Plaintiffs' failure to comply with Fed. R. Civ. P. 4 weighs against any additional time[2] to effect service. *See Morrissey v. Mayorkas*, 17

[2] While Federal Rule of Civil Procedure 4(i)(4) allows courts to grant "reasonable" extensions of time to cure deficient service of government agencies, corporations, officers and employees, it does not apply here. *See* FED. R. CIV. P. 4(i)(4). This Federal Rule of Civil Procedure is only relevant in two specific scenario, neither of which is the case here. For example, if Plaintiffs had failed to serve an agency, corporation, officer, or employee in their official capacity, but *had* served either the United States attorney or the Attorney General, this Court would have authority to extend

F.4th 1150, 1164 (2021) (affirming dismissal for failure to effect service, especially considering that "he [wa]s represented by counsel."). Therefore, this Court should dismiss this case under Fed. R. Civ. P. 4(m).

Finally, under Fed. R. Civ. P. 4(m), courts retain the discretion to grant an extension "even if there is no good cause shown" for a plaintiff's failure to properly effect service. FED. R. CIV. P. 4(m) advisory committee's note to 1993 amendment. But this too, does not support any further extension of time for Plaintiffs. For the same reasons that Plaintiffs fail to meet the compulsory grounds for deadline extension, there are also insufficient grounds to warrant a discretionary extension of time. Thus, further extension of time is not warranted, and justice is best served by dismissing Plaintiffs' latest complaint without prejudice.

## II. Defendants Have Not Waived the Service Requirement.

Defendants' defense of this case up until now has neither conceded personal jurisdiction nor otherwise waived Plaintiffs' service requirement. It is well established that a defendant's *actual notice* of the litigation *is insufficient* to satisfy the requirements of Federal Rule of Civil Procedure 4. *BPA Intern, Inc. v. Kingdom of Sweden*, 281 F.Supp.2d 73, 84 (D.D.C. 2003) ("Actual notice does not fulfill the requirements of Rule 4(h)(1)."); *see also Whitehead*, 221 F.R.D. at 3 ("While the purpose of service is to give a defendant notice of the claims against it, notice alone 'cannot cure an otherwise defective service.'"). Federal agencies and officers sued in their official capacity are not permitted to waive the Federal Rule of Civil Procedure 4 requirement of service

---

Plaintiffs' time to effectuate service. *See* FED. R. CIV. P. 4(i)(4)(A). Similarly, if Plaintiffs had failed to serve the United States, but *had* served a United States officer or employee, the Court could allow them a reasonable time extension to cure its failure. *See* FED. R. CIV. P. 4(i)(4)(B). However, here, Plaintiffs did not effectuate service on any of the Government Defendants. Thus, Federal Rule of Civil Procedure 4(i)(4)(B) is irrelevant.

of process. *See* FED. R. CIV. P. 4(d) (only "[a]n individual, corporation, or association" may waive the requirement); Title 28 U.S.C., Rule 4, Advisory Committee Notes to the 1993 Amendments, subsection (i) ("The rule [4(i)] does not authorize the use of the Notice and Request procedure of ... subdivision (d) when the United States is the defendant."). Defendants' counsel's entry of appearance does not waive the service requirement. *See Candido v. D.C.*, 242 F.R.D. 151 (D.D.C. 2007) (finding that simply being on notice of a lawsuit "cannot cure an otherwise defective service"); *accord Hudson v. Christian*, No. 93-7240, 1994 WL 315471 (D.C. Cir. June 15, 1994) (holding that "[a]ppellant's assertion that counsel's entry of appearance in this court constitutes service on appellee is without merit.").

Defendants' opposition to Plaintiffs' motion to stay the effective date of the Referral IFR under 5 U.S.C. § 705 does not waive the service requirement, either. Dkt. Nos. 4-1, 14. That is because Defendants' opposition is "neither a responsive pleading…nor a dispositive motion raising a defense listed in Federal Rule of Civil Procedure 12(b)," and it does not "indicat[e] that a defendant intends to defend a suit on the merits." *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) (internal quotation and citation omitted); *see also Asylumworks v. Mayorkas*, No. 20-CV-3815 (BAH), 2021 WL 2227335, *3 n.7 (D.D.C. June 1, 2021) ("Serving a motion under [Federal Rule of Civil Procedure 12]' extends the deadline to serve a responsive pleading but a motion to stay[3] is not enumerated under Federal Rule of Civil Procedure 12 and, consequently, does not qualify to extend the deadline for filing a responsive pleading.") (citing FED. R. CIV. P. 12(a)(4)). This distinction is important because Defendants' opposition to Plaintiffs' request for preliminary

[3] In *Asylumworks*, the stay motion was for a stay of proceedings pending "developing administrative actions and parallel judicial proceedings[.]" 2021 WL 2227335, at *1. Although the stay motion in this matter arose under 5 U.S.C. § 705, this reasoning still applies because a 5 U.S.C. § 705 stay motion still is not a responsive pleading contemplated by Fed. R. Civ. P. 12.

relief does not constitute a responsive pleading to their Complaint under Federal Rule of Civil Procedure 12 that would trigger waiver under Federal Rule of Civil Procedure 12(h)(1). Rather, Defendants' opposition sought only to prevent the requested preliminary relief under 5 U.S.C. § 705 and did not constitute an intent to defend the action on the merits. *See Mann*, 681 F.3d at 374.

As a result of Plaintiffs' failure to timely effectuate service, Defendants lack a responsive pleading deadline to answer or otherwise respond to the complaint. Under Fed. R. Civ. P. 12(a)(2), the United States and its officers or employees sued in their official capacities must serve an answer within 60 days after service on the United States Attorney. *See* FED. R. CIV. P. 12(a)(2). Thus, the Government's time to respond is measured by proper service. To date, since Plaintiffs have not timely served the United States Attorney, the 60-day period has not commenced. Defendants have no present obligation to file a responsive pleading.

**CONCLUSION**

For these reasons, this Court should dismiss this case without prejudice.

DATED: November 23, 2026

JONATHAN D. GUYNN
*Acting Assistant Attorney General*
Civil Division

DREW C. ENSIGN
*Deputy Assistant Attorney General*

AUGUST FLENTJE
*Deputy Director*

CAROLINE MCGUIRE
*Acting Assistant Director*

Respectfully Submitted,

MIA S. BONADIES
ALINA N. SALGADO
*Trial Attorneys*

*/s/ Shelby Wade*
SHELBY WADE
Trial Attorney (NY Bar No. 5696067)
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Benjamin Franklin Station
Washington. D.C. 20044
Tel.: (202) 285-8379
Email: Shelby.Wade2@usdoj.gov

Counsel for Defendants